LEMMON, Justice,
concurring.
The Hearing Committee found as a fact that York “did not have a good grasp of the facts of this case” and that the “testimony of [respondent’s former law partner] is simply not believed by this committee.” The Committee accordingly dismissed all charges as not proved by clear and convincing evidence.
The Disciplinary Board, with four dissents, concluded from the record that respondent failed to account for the fee paid in advance to his firm, failed to return the unearned portion of the advance fee, and failed to act' with diligence. The Board accordingly recommended a six-month suspension.
One perplexing question (that the court perhaps should discuss in a full opinion) is what one member of a disbanded two-person firm, whose partner received the entire fee after the initial consultation and was found not credible in his testimony, must do to discharge his ethical responsibility to the firm’s clients regarding unearned fees, beyond returning one-half of the fee (which respondent did, although untimely, to this client’s satisfaction). This question is further complicated by the fact that Rules of Professional Conduct 1.5(f), governing the handling of advance fees, was not adopted until September 1992 (after the misconduct in this case). Because Rule 1.5(f) was adopted, after extensive committee study and recommendation, to clarify an uncertain area of the law, the uncertainty of the law at the time of any violation of a responsibility to refund was a significant mitigating factor as to the most serious charge.
Nevertheless, respondent made no effort to account and was not diligent in his efforts to fulfill his firm’s contract. The prior disciplinary violations also aggravated these lesser violations. Accordingly, a suspension is warranted, but the Hearing Committee dismissal and the timing of the Rule 1.5(f) clarification dictate deferral of the suspension and a period of probation.